UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-cv-80517-REINHART

LAUREN WOODS,

        Plaintiff,

v.

PROGRESSIVE AMERICAN INSURANCE
COMPANY,

        Defendant.

_____/

## ORDER ON MOTION TO TAX COSTS

As prevailing party, Progressive American Insurance Company moves for taxable costs under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. For the reasons stated below, it is RECOMMENDED that the Motion for Bill of Costs be GRANTED and the Plaintiff be taxed **$12,490.75** in costs.

Federal Rule of Civil Procedure 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). However, this presumption is not without limits, and courts may only tax costs as authorized by statute. *See U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co.*, 482 U.S. at 441–42. This section provides in part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
>     1.    Fees of the clerk and marshal;
>     2.    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)     Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)     Docket fees under section 1923 of this title;

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

It is well settled that Section 1920 should be narrowly construed. *West v. Zacharzewski*, 2019 WL 2567665, at 2* (S.D. Fla. May 29, 2019) (J. Maynard). The party seeking to tax costs must justify its request with specific evidence:

> The movant must not only show that the costs claimed are recoverable, but must also provide *sufficient detail and sufficient documentation* regarding those costs in order to permit challenges by opposing counsel and meaningful review by the court. *See Lee v. American Eagle Airlines, Inc.,* 93 F.Supp.2d 1322, 1335 (S.D.Fla.2000) (movant "bears the burden of submitting a request for expenses that would enable the court to determine what expenses were incurred and whether Plaintiff is entitled to them") (citing *Loranger v. Stierheim,* 10 F.3d 776, 784 (11th Cir.1994)). The movant should justify its cost claims by adequately describing the necessity of the services provided and their relationship to the case. *See Davis v. Commercial Union Ins. Co.,* 892 F.2d 378, 385 (5th Cir.1990) (ruling that the district court did not abuse its discretion in denying costs where "the affidavit in support of the motion for costs 'fail[ed] to set out with sufficient particularity [the expenditures] in order for the Court to determine the reasonableness' of the costs."). Indeed, failure to submit supporting documentation verifying the costs incurred and the services rendered (e.g., bills, invoices, receipts, etc.) can be grounds for denial of costs. *See Johnson v. Mortham,* 173 F.R.D. 313, 318 (N.D.Fla.1997).

*Porcelanas Florencia, S.A. v. Caribbean Resort Suppliers, Inc.,* 06-22139-CIV, 2009 WL 1456338, at *6 (S.D. Fla. May 22, 2009).

The overarching principle is that taxable costs must have been necessarily incurred for use in the case, and not merely for the convenience of counsel. For example, printed or electronically recorded transcripts necessarily obtained for use in the case may be taxed pursuant to Section 1920(2). *See Bynes-Brooks v. N. Broward Hosp. Dist.*, No. 16-cv-60416, 2017 WL 3237053, at *1 (S.D. Fla. July 31, 2017) (J. Bloom) (citing *W&O*, 213 F.3d at 620-21). However, extra fees for items such as shipping, exhibits, expedited copies, condensed transcripts and CD-ROMs are generally not recoverable. *George v. Florida Dept. of Corrections*, No. 07-80019, 2008 WL 2571348, *6 (S.D. Fla. May 23, 2008) (J. Rosenbaum); *Suarez v. Tremont Towing, Inc.*, No. 07-21430, 2008 WL 2955123, *3 (S.D. Fla. Aug. 1, 2008) (J. Simonton). Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case may be taxed pursuant to Section 1920. 28 U.S.C. § 1920(4). However, copies obtained only for the convenience of counsel are not recoverable. *W&O, Inc.*, 213 F.3d 600, 623. The party moving for an award of copying costs has the burden of showing that the copies were necessarily obtained for use in the case. *See Desisto Coll., Inc. v. Town of Howey-In-The-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989), *aff'd sub nom. Desisto Coll., Inc. v. Line*, 914 F.2d 267 (11th Cir. 1990) (declining to award costs for copies because the defendants failed to itemize copies necessarily obtained for use in the case and those obtained for the convenience of counsel).

The Court retains discretion to decline to award some or all of the prevailing party's costs. *Campbell v. Rainbow City, Alabama,* 209 Fed. Appx. 873, 875 (11th Cir. 2006). But, "a 'persuasive reason' " is required. *Friends of Everglades v. S. Florida*

*Water Mgmt. Dist.*, 865 F. Supp. 2d 1159, 1165 (S.D. Fla. 2011) (J. Altonaga) (citing Charles Alan Wright, et al., Federal Practice and Procedure § 2668 (3d ed.1998)).

Here, there is no dispute that Progressive was the prevailing party in the bad faith litigation. Progressive initially asked for $18,593.73 comprising $15,438.90 for transcripts and $3,154.83 for copying. ECF Nos. 232-1, 236

Ms. Woods says Progressive should not recover:

- $8,720.45 in transcript costs for witnesses who were not called at trial or used in summary judgment briefing. ECF No. 233 at 3.

- $1,307.15 in ancillary deposition expenses such as litigation support packages, condensed transcripts, processing fees, and exhibit copies. *Id.* at 4-5.

- Costs per page for deposition transcripts above $3. *Id.* at 5-6

She also says Progressive's copying costs should be reduced by $2,046.13 (to $1008.70). *Id.* at 6-7. Finally, she asks the Court to exercise its discretion to reduce the costs award based on her limited financial resources. *Id.* at 7-8.

In its Reply, Progressive offered to reduce its copying costs to $1,509.69 to reflect "certain overlaps and undeterminable costs." ECF No. 236 at 1.

Progressive has shown that all of the transcripts were necessary to the litigation of this matter. It has not shown that the cost of the ancillary deposition expenses were necessary. Although Progressive discusses Judge Valle's opinion in a case where the court reporter required the parties to purchase ancillary services, Progressive does not cite any evidence that it was required to make those purchases in this case. Therefore, the ancillary expenses will not be taxed.

Progressive asks for $2,362.50 for the deposition of Plaintiff's expert, Mr. Cederberg. This expense appears to be a fee for 3.5 hours of his time, which is not a taxable cost. *See Kivi v. Nationwide Mut. Ins. Co.*, 695 F.2d 1285, 1289 (11th Cir. 1983).

The transcript invoices attached to the Bill of Costs do not all show a cost per page. The Southern District of Florida fee schedule for non-expedited transcripts is $4.40 per page. Where the invoice shows a fee above $4.40 per page, that fee will be reduced to the scheduled rate. For the other invoices, Ms. Woods has not shown that they are charging more than the scheduled rate. Therefore, only the following reductions are warranted:

- Dorcas deposition  193 pages reduced from $5.20 to $4.40 (-$154.40)

- Woods deposition   157 pages reduced from $4.80 to $4.40 (-$62.80)

- Hanson deposition  175 pages reduced from $4.80 to $4.40 (-$70.00)

Other than attaching an internal billing printout, Progressive has not shown why its copying costs are recoverable. I therefore will reduce the taxable copying costs to the amount conceded by Ms. Woods.

Finally, Ms. Woods has not shown a financial hardship that justifies exercising the Court's discretion to deny fees. She received a substantial recovery in the underlying litigation and has been able to afford all other costs, including appellate filing fees.

WHEREFORE, it is ORDERED that costs shall be taxed against Plaintiff in the amount of **$12,490.75**, computed as follows:

Deposition Transcripts:    $15,438.90 (requested amount) − $1307.15 (ancillary deposition expenses) − $2362.5 (expert witness fee) − $287.20 (excess per-page fees) = **$11,482.05**

Copying       **$1008.70**

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 6rd day of February, 2024.

_____

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE